(121 App. Div. 527.)

### SULLIVAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

CARRIERS—CARRIAGE OF PASSENGERS—TRANSFERS—DEMAND.

Where, at the time a passenger gave his transfer to the conductor, he held out his hand to receive another, but the conductor muttered something, not heard by the passenger, and passed on through the car, and, on his return, the passenger orally demanded a transfer, which was refused, there was a sufficient compliance with the rule of the company requiring passengers to demand transfers at the time of payment of fare.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Patrick Sullivan against the Brooklyn Heights Railroad Company for failure to give a transfer. At the time plaintiff gave his transfer to the conductor, he held out his hand to receive another. The conductor muttered something, not heard by plaintiff, and passed on through the car; but, on his return, plaintiff orally demanded a transfer, which was refused. The defense was that plaintiff had not complied with defendant's rule, requiring passengers to demand transfers at the time of payment of fare, which rule was posted in the car. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

A. M. Williams, for appellant.
Henry Morris Haviland, for respondent.

WOODWARD, J. This case, as finally submitted to the Trial Court, presented a question of fact as to whether or not the passenger by adequate word or sign requested a transfer from the conductor at the time he paid his fare. This question was decided in favor of the plaintiff. I am of opinion that the decision upon the facts was justified by the evidence.

This being so, the question of law presented in behalf of the appellant as to the reasonableness of the rule requiring the request for the transfer to be made at the time of paying the fare is not involved in this case.

The judgment of the Municipal Court should therefore be affirmed, with costs. All concur.

